[No. 1602-2.  Division Two.  June 16, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT LEROY FISCHER, *Appellant*.

*C. C. Bridgewater* and *Klingberg, Houston, Reitsch, Cross & Frey,* for appellant.

*Henry R. Dunn, Prosecuting Attorney,* and *Robert H. Falkenstein, Deputy,* for respondent.

RUMMEL, J.*—The defendant was charged with the crime of second-degree assault with the intent to rape. The only question before the court is whether a confession obtained by Sergeant Jackson of the Longview Police Department was involuntary because of conduct on the part of Sgt. Jackson which the defendant contends constituted coercion.

A summation of examples from the United States Supreme Court of what conduct renders a confession inadmissible is set forth in *Jackson v. Denno* Annot., 12 L. Ed. 2d 1340, 1343, § 4 (1965). It is there stated:

> A confession is not voluntary if it is obtained by any sort of threats or violence, by any direct or implied promises, however slight, or by any exertion of improper influence, such as sympathy falsely induced or the refusal to allow a suspect to telephone his wife until he has confessed. A confession is inadmissible if it is the products of physical intimidation, psychological pressure, a drugged condition, or insanity. Other factors bearing on the voluntariness of a confession are the suspect's age; his mental powers; the state of his health; his previous experience with the police; the length of his detention; the duration of his interrogation; whether the accused had the advice of a lawyer, friends, or relatives; and whether he was advised of his rights, such as whether or not he was told that he was under arrest, that he might remain silent, that his answers might be used against him, and that he was entitled to counsel.

(Footnotes omitted.)

The defendant at the time of the confession in the instant case was 31 years of age and was an air traffic controller for the army. He had been in the service some 9 years.

---

*Judge Bartlett Rummel is serving as a judge pro tempore of the Court of Appeals pursuant to Laws of 1973, ch. 114.

Obviously, he possessed intellectual excellence to be able to be an air controller. He was advised of his rights several times as required by *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966). His counsel stated there was no claim of error in this regard. He was interrogated on 2 successive days for a total not exceeding 4 hours, and was allowed to go home for the intervening night. In fact, he drove himself to Longview for the interview on the second day. He was not subjected to any physical abuse or threats, nor were there any promises that criminal charges would not be brought. The right to counsel was waived. There was no deception.

Although at first denying any intent to rape, he eventually admitted he thought of doing it in this case. He had been stopped by the lady's husband who heard her scream. He also admitted having committed three prior rapes while intimidating the victim with a knife, and admitted the stabbing of one who resisted.

██ The only claimed act of coercion was that Sgt. Jackson told the defendant he wanted to help him, after indicating help was needed. As a matter of fact, after his conviction the prosecution did ask that he be sent to Western State Hospital for observation. He later was adjudged to be a sexual psychopath and was given treatment. He was never sent to any penal institution. Thus, the authorities did carry out their promise to help him.

This is not an instance of an inexperienced youth awed into a confession, but rather it is that of a mature, experienced, alert individual who was aware of what was going on and who knew exactly what he was doing.

██ In this case a video tape recording had been made showing the defendant being interrogated by Sgt. Jackson. The court has viewed this tape, which has enabled it not only to evaluate the words spoken, but also to judge the mental and emotional condition of the accused. The video tape revealed there certainly was no reticence on the part

of the defendant after he once began to admit his wrongdoings. The court finds no coercion.

The conviction is affirmed.

LEAHY (A.C.J.) and JOHNSON, JJ. Pro Tem., concur.

Petition for rehearing denied July 14, 1975.

Review denied by Supreme Court November 5, 1975.